The **AHMANSON FOUNDATION** and **Ahmanson Trust Company**, Plaintiffs-Appellants,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 83–5883.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 6, 1984.

Submitted March 12, 1984.

Decided April 25, 1984.

Daniel Belin, Terry A. Fralich, McKenna, Conner & Cuneo, Los Angeles, Cal., for plaintiffs-appellants.

Robert A. Bernstein, Terry L. Fredericks, Atty., Washington, D.C., for defendant-appellee.

Before WALLACE, TANG, and SKOPIL, Circuit Judges.

PER CURIAM:

The Ahmanson Foundation, and the executors and trustees of the estate of Howard F. Ahmanson (the Foundation) appeal from a summary judgment entered in favor of the government. The district court held, following our remand, *Ahmanson Foundation v. United States*, 674 F.2d 761 (9th Cir.1981) (*Ahmanson I*), that the estate was not entitled to a community property exclusion on account of a $750,000 payment made to Ahmanson's surviving spouse in settlement of her claims against the estate. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

We remanded the case to the district court for further determinations of law and findings of fact on the issue of the estate's entitlement to an exclusion for settlement payments to Ahmanson's widow. This remand was necessary because of our holding in *Ahmanson I* that the settlement payment could not be excluded unless Mrs. Ahmanson had a legally enforceable right to the full amount of the settlement payment. 674 F.2d at 774. We rejected the Foundation's argument that the settlement payment should be excluded if the settlement represented a good faith resolution of adversarial claims by the surviving spouse.

On remand, the district judge granted the government's motion for summary judgment. He held that Mrs. Ahmanson did not have an enforceable right to the $750,000 because California law does not allow a surviving spouse to claim community property passing outside the will in addition to testamentary gifts which were intended to dispose of the surviving spouse's share of community property. We can affirm the summary judgment only if, after viewing all the facts and inferences in the manner most favorable to the Foundation, we conclude that there are no genuine issues of material fact and that the government is entitled to judgment as a matter of law. *Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983).

In granting summary judgment to the government, the district judge relied on the following language from our opinion in *Ahmanson I*:

Does California law provide that Mrs. Ahmanson has an entitlement to community property passing outside the will and trusts as well as to the property passing via those routes? If so, is she entitled to at least $750,000 outside the will and trusts in addition to the $5,000,000 under the marital trust?

674 F.2d at 776. In that portion of *Ahmanson I*, we suggested that Ahmanson's testamentary plan might involve a "community property election," which would preclude Mrs. Ahmanson from claiming both the testamentary marital trust and her community property rights. We did not decide the question, however. Instead, we remanded it for determination by the district judge in his role "as the primary interpreter, in our federal courts, of the law of the state in which he sits." *Id.*

The district court held that California law does require a surviving spouse to elect between community property rights and the testamentary gift where the deceased spouse has attempted to dispose of the surviving spouse's share of their community property in the testamentary plan. The Foundation does not dispute this determination. Instead, the Foundation claims that Mrs. Ahmanson had an enforceable right to at least $5,750,000 under a separate theory: namely, that Mrs. Ahmanson's community property interest was worth at least that amount. The Foundation relies on that portion of *Ahmanson I* in which we stated:

The *Bosch* case, in light of the record and California law, establishes the very real possibility that the estate would be

entitled to the deduction or exclusion for the $750,000 settlement, only if Mrs. Ahmanson's community property estate equaled or exceeded $5,750,000. Obviously there is a significant possibility that the Ahmansons did not accumulate $11,500,000 of total community property over the 3½ years of their marriage. 674 F.2d at 777–78. On remand, the Foundation refuted our expressed doubts by submitting uncontroverted evidence showing that the value of Mrs. Ahmanson's community property interest in the estate was substantially in excess of $5,750,000. The Foundation therefore argues that Mrs. Ahmanson had an enforceable right to at least that amount in settlement of her community property claims.

The primary difficulty with the Foundation's argument is the express language of the settlement agreement executed by the Foundation and Mrs. Ahmanson. That agreement clearly denominates $5,000,000 of the amount received by Mrs. Ahmanson as her interest under the marital trust and remaining $750,000 as a settlement of her community property claims. Notwithstanding the "labels" placed on these sums, the Foundation argues that the entire $5,750,000 was paid in satisfaction of Mrs. Ahmanson's community property rights. At oral argument, the Foundation's counsel conceded that the descriptions of the payments contained in the settlement agreement were unfortunate and inaccurate. Nevertheless, the Foundation urges us to look at the substance of the settlement agreement rather than its form. The settlement agreement did result from Mrs. Ahmanson's challenge to the testamentary plan on the basis that her community property rights exceeded the $5,000,000 provided by the marital trust. Further, it is undisputed that Mrs. Ahmanson received the entire $5,750,000 free of the trust restrictions imposed by Ahmanson's testamentary plan. Viewing the facts and inferences in the light most favorable to the Foundation, we conclude that the Foundation has raised triable issues of material fact as to whether Mrs. Ahmanson received the $5,750,000 in settlement of her community property claims and whether her community property claims were worth that amount.

The government argues that the doctrine of "law of the case" precludes the Foundation from arguing that the settlement did not involve an attempt to give Mrs. Ahmanson both her interest under the marital trust and her community property interests. We disagree. Contrary to the government's contention, the issue on remand was not merely whether California law requires a community property election. Instead, the question to be determined was whether Mrs. Ahmanson had an enforceable right to at least $5,750,000. *Ahmanson I,* 674 F.2d at 776. Indeed, our opinion in *Ahmanson I* clearly suggested at least two possible sets of circumstances that would have given her an enforceable right to that amount. Our discussion of the possibility that Mrs. Ahmanson's community property interest itself might be worth in excess of $5,750,000 belies the government's contention that we held, as a matter of law, that Mrs. Ahmanson had elected to take under Ahmanson's testamentary plan.

REVERSED AND REMANDED.